IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cody Werkmeister, individually, and on behalf of all those similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>Hardee's Restaurants, LLC,<br><br>    Defendant. | Civil Action No. 7:15-cv-4598-MGL<br><br>**ORDER** |

  Plaintiff brought this putative class action in South Carolina state court on September 23, 2015. (ECF No. 1-1). On November 13, 2015, Defendant removed the action to this Court, asserting federal jurisdiction pursuant to 28 U.S.C. § 1332(a) and "CAFA," the Class Action Fairness Act, codified at 28 U.S.C. §§ 1332(d) and 1453. (ECF No. 1). The matter now comes before the Court on Plaintiff's Motion to Remand, (ECF No. 23), filed on February 25, 2016. Defendant responded in opposition, (ECF No. 25), on March 14, 2016, and the matter is now ripe for disposition.

## **BACKGROUND**

  This case arises from hepatitis A virus (HAV) exposure events that occurred at two of Defendant's Spartanburg County, South Carolina restaurants during the period between August 31, 2015 and September 15, 2015. (ECF No. 1-1 at ¶ 5). Plaintiff alleges that he was among those patrons exposed to the virus. *Id.* at ¶ 1.

  On September 23, 2015, Plaintiff brought this action for negligence and strict liability in Spartanburg County Court of Common Pleas on behalf of himself and all persons similarly situated. Plaintiff's Second Amended Complaint, (ECF No. 1-1 at pp. 1-14), filed on October 15,

1

2015, and removed to this Court on November 13, 2015, seeks "general and special damages" for all class members, including "wage loss; medical and medical-related expenses; travel and travel-related expenses, emotional distress; fear of harm and humiliation; physical pain; physical injury; and all other damages as would be anticipated to arise under the circumstances." *Id.* at ¶ 39. As to a possible total damages figure, the Second Amended Complaint indicates only that the number of potential class members may exceed the 4,965 persons already identified to have received post-exposure treatment for HAV, *id.* at ¶ 12, and that the amount in controversy as to each purported class member exceeds one hundred dollars. *Id.* at ¶ 23.

## LEGAL STANDARD

CAFA amended federal diversity requirements to establish a more lenient standard for removal of class actions. *See Johnson v. Advance America*, 549 F.3d 932, 935 (4th Cir. 2008). Nevertheless, in order to establish federal jurisdiction under CAFA, a removing defendant has the burden to show the basic elements of jurisdiction: (1) minimal diversity; (2) a class size greater than 100 persons; and (3) an amount in controversy exceeding $5 million. *See Strawn v. AT & T Mobility, LLC,* 530 F.3d 293, 297 (4th Cir. 2008). As to a removing defendant's precise burden on the amount in controversy element, the Fourth Circuit has applied—and held a defendant to— a preponderance of the evidence standard, where the plaintiff's complaint left damages unspecified. *See Bartnikowski v. NVR, Inc.*, 307 Fed.Appx. 730, 734 (4th Cir. 2009) (applying without formally adopting the majority rule of the federal circuits). Thus, in order to establish federal jurisdiction pursuant to CAFA, a removing defendant must show, at least by a preponderance of the evidence, that the amount in controversy exceeds $5 million.

## **APPLICATION**

Applying these basic standards to the instant matter, the Court concludes that Defendant has not carried its burden of establishing the CAFA jurisdictional amount.

In its brief in opposition to remand, Defendant maintains, generally, that nothing in Plaintiff's complaint limits aggregate recovery to a figure below the required $5 million. In particular, Defendant points to Plaintiff's allegation that the class size may exceed the 4,965 persons already identified to have received post-exposure HAV treatment as a result of contact at Defendant's establishments. (ECF No. 25 at p. 3). Defendant argues, therefore, that it is "possible," given both the unknown size of the class and the "wide array of damages alleged by Plaintiff," that aggregate recovery could well exceed the jurisdictional amount. Id. at p. 6.

However, as indicated above, where a Plaintiff's complaint does not speak directly to the issue of aggregate damages, it falls to the removing defendant to establish, through some affirmative evidence, that it is at least more likely than not that the jurisdictional amount is satisfied. Defendant has simply failed to make such a showing here.

Alternatively, Defendant argues that Plaintiff's Motion to Remand is premature and requests that the Court postpone its decision on the motion in order to permit a period of discovery. (ECF No. 25 at pp. 6-7). While the Court is somewhat sympathetic to Defendant's situation, the fact remains that federal court is not a proving ground for jurisdiction. It is a removing defendant's burden to show, not months after removal but at the time of removal, that each of the basic requirements of CAFA jurisdiction are met, including the jurisdictional amount in controversy. Again, Defendant has failed to make such a showing on this record.

## **CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Remand. (ECF No. 23). The matter is thereby remanded to the Court of Common Pleas for Spartanburg County, and the Clerk of this Court is directed to mail a certified copy of the Order of Remand to the Clerk for Spartanburg County.

**IT IS SO ORDERED.**

s/Mary Geiger Lewis<br>United States District Judge

March 16, 2016
Columbia, South Carolina